Weldon, J.,
delivered the opinion of the court:
The subject-matter of the petition was certified to this court by the Secretary of the Treasury under 1063 of the Bevised Statutes, and the facts are briefly as follows:
On the 10th day of May, 1861, the Third Auditor of the Treasury, under the act of the 3d of March, 1849, to provide for the payment of horses and other property lost or destroyed in the military service of the United States, certified that the claimants were entitled to the sum of $10,100 for property impressed by order of Col. A. S. Johnston while in command of the United States forces in one of the Western Territories in the year 1857.
The claim is predicated upon that, as an award binding upon the United States.
To the claimants’ right of recovery the defendants interpose, first, that said award, made on the 10th of May, 1861, was reconsidered by the Auditor on the 16th of April, 1864, and the same was by him annulled by a second finding on said last date; second, that the claim was prosecuted iu this court in the year 1875, and that a judgment on demurrer was rendered, which in law prevents the successful maintenance of this suit; third, that the matter is res judicate in the department, it having been passed upon adversely by all the Secretaries of the Treasury from the year 1861 to 1884; fourth, that the accounting officers were forbidden to pay one of the claimants, James Porter, under section 3480, as shown by the allegations of the petition; fifth, that the Third Auditor was without jurisdiction to make the so-called award, the facts not being sufficient in law to establish his jurisdiction of the subject-matter of the claim.
It is not necessary to consider all of these defenses in detail. *313 The finding by tbe Third Auditor in May, 1861, being unsatisfactory to the Treasury Department, the Secretary refused to sign a warrant for the amount of the claim ; and in so far as he had the power to reject the application for payment he did so. In April, 1864, the same Auditor reconsidered the question of allowance and made the award of April 16, 1864. It is insisted by the counsel for the claimants that when the award of 1861 was made the power of the Auditor was exhausted; that the award of that date gave to the claimants a vested right for so much money; that the action of the officer in 1864 was in law a nullity and did not affect the legal rights of the petitioners as found in the award of 1861.
In the view which we have taken it is not necessary to discuss and determine the power of the Third Auditor after the finding of May, 1861.
Whatever may be said of the legal right of the officer to reconsider his action and determine a different result, it is clear from the terms of the second finding that he intended by his second order to supersede the first and allow the sum of $750 only, instead of the sum of $10,100.
At the time the second order was made there had been a contest, extending through several years, between the claimants - and the government, as to the payment of the damages incident to the act of Colonel Johnston in the year 1857; that order was made in place of the former order allowing the sum of $10,100; its results were accepted by the claimants without protest or objection, and it would be doing violence to the facts shown in this case to assume that the receipt of $750 was given and taken as a mere payment on the amount of the original award.
The second order says, “ This award is make in lieu of award ' No. 1679,” dated May 10, 1861; and it is being made in lieu of said award, the payment made under it, on the 19th day of May, 1864* must be held to be in lieu of the money provided by the first award, unless an intention to the contrary appears from the act or declaration of the parties. The award of the Auditor did not make consnmnate the claim of the petitioners in the Treasury Department.
The Secretary disagreed with the finding of that officer and refused to sign a warrant for its payment, although he may not have had a right to refuse. That was the condition of the claim up to April, 1864, the time of the last order. That refusal made, *314 it a subject of contention, and when the new award was made and the money paid and accepted under it without objection or protest, it must be held as having been accepted in lieu of what was provided in the award of 1861.
This court, at the present term, in the case of Cape Ann Granite Company (ante, p. 1), has decided that parties may save their rights against the receipt of money in full of a claim by protesting against it as such; but where the circumstances of the transaction indicate a purpose on both sides that the payment shall operate as a settlement of the claim, then the transaction will have the legal effect indicated by both parties.
Under the act of 1849 the question whether the property was impressed into the military service of the United States is a jurisdictional fact, which may always be inquired into in any subsequent judicial proceeding based upon the judgment or award of the Auditor. Even the judgment of a court of general jurisdiction may always be attacked, either upon the question of the jurisdiction of the person or subject matter of the controversy. (Thompson v. Whitman, 18 Wall., 457; Gulpin v. Page, 18 Wall., 351; Pennoyer v. Niff, 95 U. S. R., 730.)
The findings show that the Third Auditor was without jurisdiction in making the first award.
In the year 1874 a suit was commenced in this court by the . petitioners, founded on the same cause of action embraced in the petition in this case. To the petition a general demurrer was filed by the United States, and, by the consent of the attorneys for the claimants, said demurrer was sustained and cause dismissed. That in legal effect in this court is equivalent to a judgment on the merits of the case, and operates in law as a bar to the petitioners’ right to recover in this proceeding. (Gould’s Pleading, page 444, sec. 43; 2 Black. R., 827; 1 Mod., 207; Meigs’s Case, ante, p. 181.)
For the reason suggested in this opinion it is the«judgment of the court that the petition be dismissed.